# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BOBBY JOE SMITH, II, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV 17-445-RAW-KEW |
| JOE M. ALLBAUGH, DOC Director, | ) ) ) |
| Respondent. | ) ) |

## OPINION AND ORDER

This action is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus as second and successive (Dkt. 10). Petitioner is a pro se prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at Lawton Correctional Facility in Lawton, Oklahoma. He is attacking his conviction in Murray County District Court Case No. CF-2009-100 for Second Degree Rape (Count 1) and Lewd Molestation (Count 2), both After Former Conviction of Two Felonies.

Respondent alleges the petition should be dismissed as second and successive pursuant to 28 U.S.C. § 2244(d). Respondent further asserts the petition is barred by the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d) (AEDPA).

The record shows that on April 15, 2010, the state district court sentenced Petitioner to life imprisonment on both counts, to run consecutively, in accordance with the jury's recommendation. The Oklahoma Court of Criminal Appeals (OCCA) affirmed Petitioner's Judgment and Sentence in *Smith v. State*, No. F-2010-363 (Okla. Crim. App. June 7, 2011) (Dkt. 11-1; Dkt. 11-11 at 7).

On July 19, 2012, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court in Case No. CIV-12-314-RAW-KEW (Dkt. 11-14). He raised

the following claims: (1) denial of due process to a fair trial, (2) double punishment, (3) ineffective assistance of trial and appellate counsel, and (4) illegal search and seizure by biased officials (Dkt. 11-17 at 2-3). The petition was denied on September 18, 2015 (Dkt. 11-17 at 1), and the Tenth Circuit Court of Appeals affirmed the denial on July 15, 2016, in Case No. 15-7063 (Dkt. 11-18). Petitioner did not acknowledge his previous petition in his current petition (Dkt. 1 at 12)..

Petitioner now is seeking to have this Court undertake a second review of the merits of his conviction. This action, however, is prohibited by 28 U.S.C. § 2244(b):

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. . . .

28 U.S.C.A. § 2244.

It is Petitioner's burden to make a prima facie showing that he satisfies the AEDPA criteria. *See* 28 U.S.C. § 2244(b)(3)(C) ("The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima

facie showing that the applications satisfies the requirements of this subsection."). Petitioner, however, cannot make the proper showing to authorize the filing of a second and successive petition.

In Ground I of the present petition, Petitioner alleges his trial counsel was ineffective and colluded with the Assistant District Attorney to convince Petitioner to waive his preliminary hearing (Dkt. 1 at 5-6). He claims in Ground II that the trial court was biased. *Id*. at 7-8. In Ground III he asserts that two Assistant District Attorneys conspired with a third individual to frame him. *Id*. at 8-9. Finally, in Ground IV, Petitioner alleges "Obstruction of Justice, Process and fair equality and by false/fraudulent Certification of material fact and evidence." *Id*. at 10-11.

A review of Petitioner's grounds for habeas relief shows all his claims are conclusory factual allegations which do not rely on a new rule of constitutional law, made retroactive to cases on collateral review. In addition, Petitioner has not and cannot establish that the factual predicate for the claims could not have been previously discovered through the exercise of due diligence and that the facts are sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found him guilty of the underlying offenses.

Petitioner first raised these claims in his second application for post-conviction relief (Dkt. 11-4). The state district court determined "[t]hese arguments were raised on Direct Appeal or in his first Application for Relief or could have been raised" (Dkt. 11-6 at 3). Petitioner was attempting "to obtain a review of the same issues by presenting the same argument in slightly different manner." *Id.* As Petitioner is attempting to present issues raised in the state district court and in his previous habeas corpus petition, this present petition clearly is second and successive.

Furthermore, the present petition is unauthorized, because Petitioner failed to seek authorization from the Tenth Circuit to file it, pursuant to 28 U.S.C. § 2244(b)(3)(A). "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* Petitioner's failure to obtain authorization is undisputed, leaving only the question of whether to dismiss the petition for lack of jurisdiction or, "if it is in the interest of justice," transfer the amended petition to the Court of Appeals for possible authorization. *In re Cline*, 531 F.3d 1249, 1251-52 (10th Cir. 2008). It is, however, a waste of judicial resources to require the transfer of a frivolous, time-barred case. *Id.* at 1252 (citing *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999)).

The following dates are pertinent to the discussion regarding the statute of limitations with respect to the petition:

**06/07/2011:** Petitioner's Judgment and Sentence was affirmed.

**09/05/2011:** Petitioner's conviction became final 90 days after June 7, 2011, when he could have sought an appeal to the United States Supreme Court.

**09/06/2011:** Petitioner's statutory year began to run the day after his conviction became final.

**12/13/2011:** Petitioner filed an application for post-conviction relief in the district court (Dkt. 11-2).

**01/17/2012**: The district court denied Petitioner's application for post-conviction relief (Dkt. 11-3).

**01/23/2012:** Petitioner filed a second application for post-conviction relief and a motion for a suspended sentence in the district court (Dkt. 11-4).

**01/24/2012:** The district court denied Petitioner's second application for post-conviction relief and motion for suspended sentence (Dkt. 11-6).

**01/27/2012:** Petitioner filed a "Motion/Petition in Error by Judicial Negligence of Record, Professional Misconduct/Abuse of Discretion with Prejudicial Bias and Corrupt Intent by Miscarriage of Justice" (Dkt. 11-8).

4

**01/30/2012:** The district court denied Petitioner's Motion finding Petitioner had not raised any new argument or evidence (Dkt. 11-9).

**02/24/2012:** Petitioner filed a Motion for Evidentiary Hearing, claiming there was evidence to support his claim that his conviction was the result of "prejudicial bias and neglect and disregard to the truth" (Dkts. 11-10, 11-11 at 2).

**03/07/2012:** The district court denied Petitioner's Motion for Evidentiary Hearing (Dkt. 11-12).

**04/09/2012:** Petitioner filed a "Motion to Reintroduce Prior Filed Documents of Affidavit *in Forma Pauperis* and Notice of Intent to Appeal" (Dkt. 11-13).

**07/12/2012:** Petitioner filed a Petition for Writ of Habeas Corpus in this Court, Case No. CIV-12-314-RAW-KEW (Dkt. 11-14).

**09/06/2012:** Absent statutory tolling, Petitioner's statutory year expired.

**10/18/2012:** Petitioner filed a "Notice of Civil Action Resolution Attempt" in the district court (Dkt. 11-15).

**10/22/2012:** The district court struck Petitioner's Notice (Dkt. 11-15).

**11/01/2012:** Petitioner's statutory year expired, including the 56 days afforded to Petitioner for statutory tolling.

**09/09/2015:** This Court denied habeas relief (Dkt. 11-17).

**07/15/2016:** The Tenth Circuit affirmed the denial of habeas relief (Dkt. 11-18).

**12/04/2017**: Petitioner filed this petition for a writ of habeas corpus (Dkt. 1).

Section 2244(d) provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized

by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

As discussed above, Petitioner's Judgment and Sentence was affirmed by the Oklahoma Court of Criminal Appeals (OCCA) on June 7, 2011. His conviction, therefore, became final on September 5, 2011, upon expiration of the 90-day period for a certiorari appeal to the United States Supreme Court. *See Fleming v. Evans*, 481 F.3d 1249, 1257-58 (10th Cir. 2007); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (holding that a conviction becomes final for habeas purposes when the 90-day period for filing a petition for a writ of certiorari to the United States Supreme Court has passed). The statutory year began to run the next day on September 6, 2011, and it expired on September 6, 2012. *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (stating that the year begins to run the day after the judgment and sentence becomes final and ends on the anniversary date). This habeas corpus petition was filed on December 4, 2017, more than five years after expiration of the limitations period.

Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled while a properly-filed application for post-conviction relief or other collateral review of the judgment at issue is pending. State procedural law determines whether an application for state post-conviction relief is "properly filed." *Garcia v. Shanks*, 351 F.3d 468, 471 (10th Cir. 2003). "Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations." *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006)

6

(citations omitted). As set forth below, Petitioner is not entitled to statutory tolling.

Petitioner filed an application for post-conviction relief in the state district court on December 13, 2011, and the court denied the application on January 17, 2012. Petitioner's statutory year was tolled during the pendency of this application for 36 days from December 13, 2011, until January 17, 2012. *See* 28 U.S.C. § 2244(d)(2). *See also Maloney v. Poppel*, No. 98-6402, 1999 WL 157428, at *1 n.1 (10th Cir. March 23, 1999) (unpublished) (holding that "tolling calculations should take into account both the day tolling began and the day tolling ended").

On January 23, 2012, Petitioner filed a second post-conviction application and a motion for suspended sentence. The district court denied the application and motion for suspended sentence the next day on January 24, 3012. This resulted in 2 additional days of tolling.

On January 27, 2012, Petitioner filed a motion alleging judicial negligence of records, professional misconduct, abuse of discretion, prejudicial bias, and corrupt intent by miscarriage of justice. The district court entered an order on January 30, 2012, noting it was unclear what Petitioner intended to accomplish through the filing the motion. The court also found the petition did not raise any new argument or evidence. Petitioner's statutory year was tolled for a total of 4 days during the pendency of this motion.

On February 24, 2012, Petitioner filed a Motion for Evidentiary Hearing, and on March 7, 2012, the district court denied Petitioner's motion, finding there were "no genuine material issues." Petitioner's statutory year was tolled for 12 days during the pendency of this motion.

On July 12, 2012, while his statutory year was still pending, Petitioner filed a petition for a writ of habeas corpus in this Court, which was denied on September 9, 2015. He,

however, is not afforded any tolling towards the statutory year during the pendency the federal habeas proceeding. *See York v. Galetka*, 314 F.3d 522, 524 (10th Cir. 2003) (citing *Duncan v. Walker*, 533 U.S. 167 (2001)) ("This 'statutory tolling' is not available . . . during the time period a prior *federal* habeas proceeding is pending." (emphasis in original)).

On October 18, 2012, Petitioner filed a Notice of Civil Action Resolution Attempt in the district court. The district court struck this notice from the record, finding that any attempt to file a notice of civil action in a criminal case was not authorized. This document did not constitute a pleading within the requirements of Oklahoma's Uniform Post-Conviction Appeal Act. *See* Okla. Stat. tit. 22, § 1081 ("A proceeding is commenced by the filing of a verified 'application for post-conviction relief' with the clerk of the court imposing judgment if an appeal is not pending."). Because Petitioner's Notice of Civil Action Resolution was not a verified application for post-conviction relief, it was not "properly filed," and Petitioner is not entitled to statutory tolling.

Adding the total of 54 days to September 6, 2012, the deadline for Petitioner's petition for a writ of habeas corpus was October 30, 2012. This petition, however, was not filed until December 4, 2017, more than five years after expiration of the statutory year. Any pleadings Petitioner filed after October 30, 2012, to challenge his Judgment and Sentence do not entitle him to additional statutory tolling. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (noting that AEDPA's one-year period "is tolled or suspended during the pendency of a state application for post-conviction relief properly filed *during* the limitations period" (emphasis added) (citing 28 U.S.C. § 2244(d)(2)).

Petitioner alleges in his response to the motion to dismiss (Dkt. 12) that this habeas action is not successive, because the case number for his criminal case in this petition, No. CF-2009-100, is lower than the case number for his other criminal proceedings in No. CF-

8

2009-101. The designation of this action as "successive," however, refers to the fact that he has filed a previous federal habeas corpus action challenging Case No. CF-2009-100 in this Court. This present habeas action is successive to the proceedings in *Smith v. Patton*, No. CIV-12-314-RAW-KEW (E.D. Okla. Sept. 18, 2015) (Dkt. 11-14). The Court, therefore, finds Petitioner's arguments concerning the case numbers is not relevant to the issue of whether this habeas petition is successive or time-barred.

To the extent Petitioner asks the Court to grant equitable tolling in this matter, the Court finds he has not met his burden of presenting facts in support of the request. Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted). "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (2007) (citations omitted).

Petitioner alleges in his response that his "immense and subsequent filings with each Court" are evidence of his diligence (Dkt. 12). He complains that the State has created a "repeating cycle" of dismissing his filings and requests, along with requiring filing fees and threatening destruction of his documents. *Id.* at 7. The Court, however, finds Petitioner has not shown diligence in pursuing his claims or an extraordinary circumstance which prevented his timely filing. The Court further finds there is no evidence in the record to suggest Petitioner is actually innocent of the charges of which he stands convicted, or that other

uncontrollable circumstances impeded him from timely filing his federal claim. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000); *McQuiggin v. Perkins*, 569 U.S. 383, 393-94 (2013).

After careful review, the Court finds Petitioner's habeas petition is second and successive. Because the petition also is barred by the statute of limitations, it is dismissed for lack of jurisdiction as an unauthorized, untimely successive petition. The Court further finds no basis for granting a certificate of appealability. *See Troutt v. Jones*, 550 F. App'x 681, 682 (10th Cir. 2014) (denying certificate of appealability where petitioner failed to seek authorization before filing successive petition).

**ACCORDINGLY,** Respondent's motion to dismiss second and successive petition (Dkt. 10) is GRANTED, this action is, in all respects, DISMISSED WITHOUT PREJUDICE for lack of jurisdiction, and Petitioner is DENIED a certificate of appealability. Petitioner's motion to compel response (Dkt. 14) is DENIED AS MOOT.

**IT IS SO ORDERED** this 28th day of September, 2018.

Ronald A. White
United States District Judge
Eastern District of Oklahoma